Weight, J.,
delivered the opinion of the Court.
This was a motion for judgment against a constable and his securities, for the non-payment of money collected by him.
The Circuit Judge gave judgment against the plaintiff, and he has appealed to this Court.
The facts of the case are . these: The defendant, Terrill, was elected a constable for the fourth civil district of Haywood county, in March, 1852; and at the next term of the County Court thereafter, was qualified, and remained in office during his term of two years. While so in office, and on the 6th of January, 1854, the plaintiff placed in his hands for collection a note upon one Jones, for $97.16, and took his receipt as an officer, in which he promised to collect, or return it, as the law directs. On the 14th of the same month, he took judgment upon the note against Jones, and it remained without the issuance, of any execution until the expiration of his official term, when he moved into the fifth civil district of • said county, where he was again elected a constable, in March, 1856, having been out of office two years.
He qualified under this last election on the 7th of April, 1856, and gaye bond, with the other defendants as his securities, and remained in' office until July, 1857, when he resigned.
On the 9th of September, 1854, Terrill, who was then out of office, caused an execution to be issued upon said judgment, and placed in the hands of one Brant-ley, who had succeeded him as constable in the fourth district, Brantley collected the money on the 21st of *590 April, 1856, and on the 9th of October of the same year, paid it to Terrill, who has never paid it to the plaintiff.
The collection by Brantley was upon a levy made by him while in office.
We think the judgment of the Circuit Court was correct. It is clear there is no liability on Terrill and his securities in his first bond, as no official default occurred during that term. He had no execution in his hands, made no levy, and collected no money; and when he ceased to he an officer, the liability of his sureties, for any other misconduct, also ceased. 3 Hum., 419; 7 Hum., 447.
It is true that he, by the receipt for the note in this case, became the agent of the plaintiff for its collection; and for any negligence in failing to sue on the note, or to take out execution, or any other unofficial act, he would he, personally, answerable in an action; but for these things his sureties are not responsible, the same not constituting official misconduct, but merely the violation of the duties of a private agency, which, it has been held, he is not forbidden by his official station to assume. 3 Hum., 218; 6 Hum., 20; 6 Yer., 502.
It will thus be seen, that this officer stood to the plaintiff in the double relation of private agent and constable at the same time. When his official term expired, all authority over this claim, as an officer, of necessity, was at an end. Not so with his private agency. That continued unrevoked and in full efficacy to the period of the reception of the money from Brantley. And he could not legally, we apprehend, have received it in any other character than that of *591 agent for the plaintiff. A payment in any other sense would have been no discharge to Brantley, as was held by this Court, in Pate et al. v. Parks et al., 4 Sneed, 330. An officer cannot, by virtue of his office merely, without warrant or authority from the creditor, take money belonging to him in the hands of another officer, and which he had collected upon claims or executions in favor of that creditor. It is true that the official duty of constables has been so enlarged by statute, as to render them and their sureties responsible for a failure to pay over money collected by them, as constables, by virtue of their office, but without process in their hands; but that is not this case. 3 Hum., 406.
Judgment affirmed.